**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANTOINE LIGONS, | : | : |
| Plaintiff, | : | |
| | : | Civil Action |
| v. | : | No. 25-4617-TJS |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendants. | : | |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendants City of Philadelphia, Detective Jerome Gross, Detective John Harkins, Detective Michael Walter, and Detective Leon Lubiejewski (collectively "Defendants") reply in support of their motion to dismiss. Defendants reply to demonstrate that Plaintiff's response is not supported by his Amended Complaint or applicable law. Defendants rely on their original motion for all arguments not addressed below.

I.    **ARGUMENT**

A.    **Plaintiff Has Not Articulated a Valid Fabrication Claim in Count I**

Plaintiff contends that Count I is a valid fabrication of evidence claim on the basis of a novel theory of affirmative fabrication versus passive suppression, which is not supported by either the law or the facts pled in the Amended Complaint.

Plaintiff's response to Moving Defendants' testimonial immunity is that: "Count I explicitly alleges that 'Detective Gross and Detective Walter fabricated evidence by providing false testimony under oath that photo arrays did not exist and were never shown to [Mrs.] Johnson, when they knew such arrays existed and were in the homicide file'" ECF No. 23 at 10

1

(citing ECF No. 16 ¶ 55). Plaintiff then immediately contradicts that statement, claiming that the fabrication occurred not during trial testimony, but before trial. He does this despite stating in the Amended Complaint that Defendants "fabricated evidence by providing false testimony under oath." *Id*.

In support of his argument that fabrication of evidence is sufficiently pled in Count I, Plaintiff cites to *Halsey v. Pfeiffer*, 750 F.3d 273 (3d Cir. 2014). However, the dispute in this case is not whether fabrication of evidence can be a standalone claim, as Plaintiff asserts *Halsey* answers in the affirmative, but whether such a claim can be based only on trial testimony. *Halsey* lends no support to Plaintiff's argument that a fabrication of evidence claim can be based on trial testimony. *Id*. In *Halsey*, the plaintiff alleged that detectives fabricated a confession and then passed that fabricated confession along to prosecutors, who then charged plaintiff based on the confession. *Id*. at 288-295. The Court's analysis is then dedicated to whether a fabrication of evidence claim was subsumed by a malicious prosecution claim and whether the detectives were protected by qualified immunity. *Id*. Defendants in their motion assert neither of those arguments[1]. Finally, Plaintiff defines fabrication as "when officers create or manipulate evidence." ECF No. 23 at 11. But, Plaintiff does not plead that Moving Defendants created or manipulated evidence, and he cites no authority that equates a *Brady* suppression claim with fabrication.

Plaintiff's argument that if the Court construes Count I as encompassing pretrial conduct it would not be duplicative of Count II also fails. Counts I and II are both brought under the Fourteenth Amendment. Plaintiff argues that Count I alleges affirmative fabrication while Count

---

[1] It is worth nothing that Plaintiff is not alleging his confession was fabricated, and Plaintiff does not argue that his confession is a basis for Count I or II. *See Wallace v. City of Philadelphia*, No. CV 25-290-KSM, 2025 WL 2935248, at *9 (E.D. Pa. Oct. 15, 2025)(dismissing fabrication claim regarding allegedly coerced confession because plaintiff did not allege the confession was fabricated).

II alleges passive suppression. ECF No. 23 at 12. The existence of these two concepts in the law is not supported by Plaintiff by any authority, nor are Defendants able to find any support for their existence. If Count I somehow encompassed the concealment of the photo arrays prior to trial, despite not being pled in the Amended Complaint, there is no way to distinguish that from Count II's alleged violation of the Fourteenth Amendment. Either Count I alleges facts solely derived from Defendants testimony at trial and is barred by absolute immunity or it is duplicative of Count II and should be dismissed for that reason.

### B.     The Statutory Period for Excessive Force Begins at the Time the Force Occurred

In his response Plaintiff argues that the excessive force alleged in Claim III is not time barred because the statutory period did not begin to run until favorable termination. Plaintiff relies on *Curry v. Yachera* to support this tolling argument. 835 F.3d 373 (3d Cir. 2016). However, his reliance on this case is misplaced since *Curry* does not concern claims for excessive force or coerced confession. *Id*. For that reason it is unsurprising that *Curry* contains absolutely no mention or discussion of when the statutory period for an excessive force claim begins.

Plaintiff has brought his claim for excessive force under the Fourth Amendment. Based on Plaintiff's response, it appears that he has brought this claim under the wrong amendment. Claims for excessive force regardless of when the force occurred were traditionally brought under the Fourteenth Amendment's guarantee of substantive due process until the Supreme Court clarified that excessive force during arrest was properly brought under the Fourth Amendment, leaving other excessive force claims after arrest to either the Fourteenth Amendment or possibly the Eighth Amendment. *Graham v. Conner*, 490 U.S. 386, 392-395

(1989). As Plaintiff's claim does not arise from his arrest it is improperly brought under the Fourth Amendment.

Plaintiff also misconstrues Defendants' argument. Plaintiff equates Defendant's concession that the Fifth Amendment Claim in Claim V is subject to *Heck* with the assertion that the same is true for Claim III. It is common for claims brought under one amendment to have a different statutory period than claims brought under another. That the period has run on one claim doesn't make it more likely that it has run on another. A claim for excessive force brought under the Fourth or Fourteenth Amendment does not require any resulting evidence to have been used at trial and therefore doesn't require favorable termination for the claim to accrue. *See Curley v. Klem*, 499 F.3d 199, 203 n. 4 (3d Cir. 2007) (stating the elements of a Fourth Amendment claim for excessive force); *See Jacobs v. Cumberland County*, 8 F.4th 187, 194 (3d Cir. 2021) (stating the elements of a Fourteenth Amendment claim for excessive force). A claim for excessive force under the Fourth or Fourteenth Amendments does not require the use of a confession obtained by use of the force at trial as argued by the Plaintiff.

Additionally, Plaintiff's claim for excessive force in Count III is not *Heck* barred and accordingly doesn't carry a favorable termination requirement for the claim to accrue. *See Nelson v. Jashurek*, 109 F.3d 142 (3d Cir. 1997) (holding that a claim for excessive force during arrest was not Heck barred, even when the incident at issue was the basis of plaintiff's conviction for resisting arrest). There was nothing preventing Plaintiff from making a Fourth or Fourteenth Amendment claim for excessive force within two years of the time the force was used, he was not required to wait for use at trial, a conviction, or the favorable termination of that conviction, thus there is no logical reason to begin the statutory period upon his favorable termination instead of when he became aware of the force.

If the Court were to adopt a view that a claim of excessive force was dependent on favorable termination or a conviction it would be unworkable. This would prevent plaintiffs who were never charged, convicted, or had a conviction overturned from seeking civil remedies for excessive force used against them. This would effectively immunize police officers against civil liability for excessive force provided they never charged a prospective plaintiff. This exact scenario has been anticipated by the Third Circuit in refusing to apply the standard suggested by the Plaintiff to a Fourteenth Amendment selective enforcement claim. *Dique v. New Jersey State Police*, 603 F.3d 181, 188 (3d Cir. 2010) (citing *Wallace v. Kato*, 549 U.S. 384 (2007)).

Lastly, Plaintiff's claim in The Response that Count III involves not just the use of excessive force, but also the use of the product of that force at trial would make it indistinguishable from Count V. A violation of the Fourth Amendment for excessive force is indifferent to use at trial, Plaintiff has added this element to his claim himself. If Count III is alleging a violation of the Plaintiff's rights for the use of excessive force it is barred by the statute of limitations. If Count III alleges a violation of Plaintiff's rights for the use of excessive force to cause self-incrimination with use at trial, which would not be properly brought under the Fourth Amendment as Plaintiff has done, it is barred as duplicative of Count V.

### C.    Count IV Should be Dismissed

In response to Defendants' argument that he has not pled sufficient personal involvement by the named Defendants for a false arrest claim, Plaintiff responds that the detectives fabricated and suppressed evidence and "used this tainted evidence to support [Plaintiff's] continued detention." ECF No. 23 at 16-17. However, this is still insufficient, as Plaintiff does not assert that any Defendants arrested Plaintiff or obtained an arrest warrant for him, the actual cause of the alleged injury. Also, in a false arrest claim it is not "continued detention" that is at issue, but

the initial detention of an arrest. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995) (stating the requirements for a false arrest cause of action).

Plaintiff claims that the Supreme Court's holding in *Wallace* is not applicable to this case because there was no conviction in *Wallace*. ECF No. 23 at 18. However, this is incorrect as the plaintiff in *Wallace* was convicted of first-degree murder and sentenced to 26 years in prison, which was later overturned pursuant to the appellate process. *Wallace v. Kato*, 549 U.S. 384, 386 (2007). The procedural facts in *Wallace* are analogous to the facts in this case and the Supreme Court held that the false imprisonment claim accrued at the time of arraignment, not at the time the conviction was eventually set aside. *Id*. at 391-392. Plaintiff relies on *Curry*, claiming it stands for the proposition that the statute of limitations for a false arrest or imprisonment claim begins to run at favorable termination. ECF No. 23 at 18. However, this is an incorrect reading of *Curry*. The holding regarding the statutory period in *Curry* went only to a malicious prosecution claim. *Curry*, 835 F.3d at 379.

### D.    Plaintiff Fails to State a Claim for Municipal Liability Under *Monell*.

Plaintiff concedes a lack of specificity and facts as to his *Monell* claim. Plaintiff argues he should be able to rely on legal conclusions because *Monell* liability "is generally not amenable to resolution at the pleading stage, as it requires a plaintiff to plead facts outside his or her personal knowledge." *Crosland v. City of Philadelphia*, 676 F. Supp. 3d 364, 380 (E.D. Pa. 2023). This is not the law and is a misreading of that case. The Third Circuit in *Miller* recently reiterated that the pleading standards set by *Iqbal* apply equally to *Monell* claims and that a *Monell* claim based on legal conclusions, like the one at issue here, is inadequately pled. *Miller v. City of Philadelphia*, 162 F.4th 88, 94 (3d Cir. 2025).

It is illustrative to note that *Gaskins*, one of the few cases Plaintiff relies on, concerns a markedly different pleading than the one at issue. The *Monell* claim in *Gaskins* survived a

motion to dismiss in part because it "cite[d] a plethora of similar investigations – spanning roughly 30 years – alleging similar unconstitutional misconduct" and because the "examples [plaintiff] cite[d] clearly square" with his specific factual allegations. *Gaskins v. City of Philadelphia*, No. 2:25-CV-01187, 2025 WL 2857498, at *3 (E.D. Pa. Oct. 8, 2025). This is at direct odds with the Amended Complaint, which cites only two cases in support of its custom theory and provides no facts about those cases to allow a reasonable inference that they "square" with the factual allegations underpinning Plaintiff's claims. Plaintiff's limited facts and almost total reliance on legal conclusions means that his *Monell* claim is too speculative and too threadbare to meet the minimum pleading standards and so should be dismissed.

## II.      CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's claims against the moving

Defendants with prejudice.


Date:  January 29, 2026                              Respectfully submitted,


                                                     /s/ Jeffrey Palmer
                                                     Jeffrey Palmer
                                                     Divisional Deputy City Solicitor
                                                     Pa. Attorney ID No. 3111295
                                                     City of Philadelphia Law Department
                                                     1515 Arch Street, 14th Floor
                                                     Philadelphia, PA 19102
                                                     215-683-5369 (phone)
                                                     215-683-5397 (fax)
                                                     Jeffrey.h.palmer@phila.gov


                                                     /s/ Derek Kane
                                                     Derek Kane
                                                     Senior Attorney
                                                     Pa. Attorney ID No. 316941
                                                     City of Philadelphia Law Department
                                                     1515 Arch Street, 14th Floor
                                                     Philadelphia, PA 19102
                                                     215-683-5374 (phone)
                                                     215-683-5397 (fax)
                                                     derek.kane@phila.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| **ANTOINE LIGONS,** | : | : |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 25-4617-TJS** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |

---

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the Reply in Support of Defendants'

Motion to Dismiss was filed via the Court's electronic filing system and is available for

downloading.


Date:  January 29, 2026                 Respectfully submitted,

/s/ Jeffrey Palmer
Jeffrey Palmer
Divisional Deputy City Solicitor
Pa. Attorney ID No. 3111295
City of Philadelphia Law
Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5369 (phone)
215-683-5397 (fax)
Jeffrey.h.palmer@phila.gov